

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### Nos. PD-0997-12 and PD-0998-12

### FELIX ARGUELLEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### DEWITT COUNTY

**KEASLER, J., filed a dissenting opinion, in which KELLER, P.J., and MEYERS, J., joined.**

## DISSENTING OPINION

I find nothing wrong with the court of appeals' judgments in these cases. For this reason, I would affirm its judgments or, more appropriately, dismiss these petitions for discretionary review as improvidently granted because they do not present any reason for our review under Texas Rule of Appellate Procedure 66.3.

In reversing the court of appeals' decisions, the majority's analysis overlooks two important principles of Fourth Amendment law: (1) the facts supporting reasonable suspicion

need not be criminal; and (2) in forming reasonable suspicion, an officer is able to make rational inferences from those facts. The majority's statement that "[p]hotographs are routinely taken of people in public places, including at public beaches, where bathing suits are commonly worn, and at concerts, festivals, and sporting events"[1] is undoubtedly true. However, the same cannot be said for its claim that "[t]aking photographs of people at such places is not unusual, suspicious, or criminal."[2] As an initial matter, the broad statement is inaccurate.[3] Texas Penal Code § 21.15(b)(1)'s inclusion of language regarding the other's consent and specific intent defines when seemingly innocent photography becomes a state-jail felony. Moreover, whether the specific, articulable facts Officer Tolbert possessed were themselves criminal is irrelevant; the focus is "the degree of suspicion that attaches to particular non-criminal acts."[4] I believe common sense warrants a finding that taking pictures of people sunbathing at a pool from a car parked in the pool's parking lot is both unusual and suspicious.

The majority's opinion does not consider the rational inferences, based on common sense, Officer Tolbert may have deduced from Arguellez's behavior. Officers are entitled

---

[1] *Ante*, op. at 10.

[2] *Id.*

[3] *See* TEX. PENAL CODE § 21.15(b)(1) (defining the offense of improper photography or visual recording as "photograph[ing] . . . a visual image of another at a location that is not a bathroom or private dressing room: (A) without the other person's consent; and (B) with intent to arouse or gratify the sexual desire of any person. . . .").

[4] *See Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

to interpret facts with common sense and infer that criminal activity may have recently occurred.[5] According to his suppression-hearing testimony, the Officer Tolbert possessed the following specific, articulable facts before initiating the stop: (1) he was dispatched for a call that a man was taking photographs of people at a public pool from a brown Ford Taurus parked outside of the pool area; (2) upon arrival, he saw a brown Ford Taurus driving away from the pool area; (3) the caller to 911 who supplied the information about the man and while still on the phone with police, confirmed that he correctly identified the photographer's car. From these facts and the reasonable inferences drawn from them, Officer Tolbert had reasonable suspicion to believe unusual activity occurred and that Arguellez, as the driver of the identified brown Ford Taurus, was involved in the unusual activity related to criminal activity. Even though the known facts and reasonable suspicion need not definitively point to a particular penal code offense,[6] it would be reasonable for Officer Tolbert to infer that Arguellez may have been involved in or committed the offense of improper photography or visual recording because he was reportedly taking photographs of people, presumably dressed in bathing suits at a pool, from a car parked outside of the pool

---

[5] *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) ("Thus, the determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior."); *United States v. Sokolow*, 490 U.S. 1, 8 (1989) ("The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as fact-finders are permitted to do the same—and so are law enforcement officers."); *State v. Kerwick*, 393 S.W.3d 270, 276 (Tex. Crim. App. 2013).

[6] *Derichsweiler*, 348 S.W.3d at 916-17.

area. It would also be reasonable for Officer Tolbert to infer that, under those circumstances, Arguellez photographed the bathers without their consent and with the intent to arouse or gratify the sexual desires of any person.

For the foregoing reasons, I dissent.

DATE FILED: September 18, 2013

PUBLISH